## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **GREGORY GAMACHE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:11-0167** |
| ) | |
| **STATE OF WEST VIRGINIA,** ) | |
| ) | |
| **Defendant.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on March 15, 2011. (Document No. 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint and all further documents of record submitted by Plaintiff, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### FACTUAL BACKGROUND

On March 15, 2011, Plaintiff, acting *pro se*, filed his Complaint naming the State of West Virginia as the Defendant. (Document No. 1.) Plaintiff alleges that "State lawmakers have refused to pass laws that would protect their citizens from the use of electronic weapons." (Id., p. 2.)

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff explains that "[t]hese devices permanently damage, injure and kill people" and "residents have no protection from these devices." (Id.) Plaintiff states that "[t]hey operate from a distance, you turn them on, point them at someone, and they emit a signal that injures people. The signal goes through walls and still reaches people." (Id.) Plaintiff claims that "[t]hese devices can be bought in stores, on the internet and on ebay. They are cheap, some cost only 30 dollars." (Id.) As relief, Plaintiff requests "[a] court order for the immediate passage of a state law protecting its citizens from the use of electronic weapons." (Id.)

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. See <u>Dracos v. Hellenic Lines, Ltd.</u>, 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff does not allege a violation of a federal statute or constitutional provisions.[3] Plaintiff merely complains that the State

> (2) citizens of a State and citizens or subjects of a foreign state . . .;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[3] To the extent Plaintiff is attempting to present a claim under Section 1983, the Court finds his claim to be without merit. Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Social Services*, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. First, the undersigned finds that the State of West Virginia is not a "person" as required by Section 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); *Roach v. Burch*, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Additionally, suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Westinghouse Elec. Corp. v. West Virginia Dept. of Highways*, 845 F.2d 468, 470 (4th Cir.), *cert. denied*, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). Next, Plaintiff does not allege a violation of his constitutional rights. Plaintiff explains that he is "merely seeking the protection of the residents of this state." Accordingly, the undersigned finds that

of West Virginia does not have a State law protecting its citizens from the use of electronic weapons. Next, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires that the amount in controversy exceeds $75,000. Plaintiff fails to request any monetary damages. As relief, Plaintiff requests that the Court order the State of West Virginia to immediately pass a "law protecting its citizens from the use of electronic weapons." Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

Plaintiff has failed to state a claim under Section 1983.

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 7, 2012.

R. Clarke VanDervort
United States Magistrate Judge